COMMONWEALTH OF MASSACHUSETTS

CASE NUMBER: 04-40116FDS

**CHARTER COMMUNICATIONS
ENTERTAINMENT, LLC d/b/a
CHARTER COMMUNICATIONS**
           **Plaintiff**

VS.                                                                 **ANSWER OF DEFENDANT,
                                                                    LISA MURPHY**

**LISA MURPHY**
           **Defendant**

Now comes the Defendant in the above-referenced action, Lisa Murphy, who hereby answers the Plaintiff's June 14, 2004 Complaint as follows:

### COMPLAINT

1. The Defendant provides no response to the initial paragraph of the Plaintiff's Complaint, as no allegations are made therein to which response can be made.

### JURISDICTION AND VENUE

2. The Defendant provides no response to Paragraph 1 of the Plaintiff's Complaint, as no allegations are made therein to which response can be made.

3. The Defendant states that she has no knowledge of the allegations contained in Paragraph 2 of the Plaintiff's Complaint and calls upon the Plaintiff to prove same.

4. In answering Paragraph 3 of the Plaintiff's Complaint, the Defendant admits that she resides in the District and that venue within the United States District Court for the District of Massachusetts is proper, but denies each and every other allegation contained therein.

## APPLICABLE LAW

5. The Defendant states that she has no knowledge of the allegations contained in Paragraphs 4 and 5 of the Plaintiff's Complaint, and calls upon the Plaintiff to prove same.

## PARTIES

6. The Defendant admits the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

7. The Defendant states that she has no knowledge of the allegations contained in Paragraph 7 of the Plaintiff's Complaint and calls upon the Plaintiff to prove same.

8. In answering Paragraph 8 of the Plaintiff's Complaint, the Defendant admits that she resides at 841 Lebanon Hill Road, Southbridge, Massachusetts and that same is within the Plaintiff's service area, but states that she has no knowledge of the other allegations contained therein, calling upon the Plaintiff to prove same, stating by way of further answer that the Defendant has satellite television service.

## COUNT I

9. The Defendant admits the allegations contained in Paragraphs 9 and 15 of Count I of the Plaintiff's Complaint.

10. The Defendant states that she has no knowledge of the allegations contained in Paragraphs 10, 11, 12, 13, 14, 16, 17, 18, 19 and 20 of Count I of the Plaintiff's Complaint, and calls upon the Plaintiff to prove same.

11. The Defendant denies the allegations contained in Paragraphs 22, 23, 24, 25, 26, 27 and 28 of Count I of the Plaintiff's Complaint.

12. In answering Paragraph 21 of the Plaintiff's Complaint, the Defendant denies that on or about September 14, 2000, she ordered and purchased from Modern Electronics, Inc. a cable theft device for her use or the use of another, for any purpose, whatsoever, but states that she has no knowledge of the other allegations contained therein, calling upon the Plaintiff to prove same.

## COUNT II

13. In answering Paragraph 1-28 of Count II of the Plaintiff's Complaint, the Defendant restates and re-avers her answers to Paragraphs 1 through 28 above, as though same were fully contained herein.

14. The Defendant denies the allegations contained in Paragraphs 29, 30, 31, 32, 33 and 34 of Count II of the Plaintiff's Complaint.

## COUNT III

15. In answering Paragraph 1-34 of Count III of the Plaintiff's Complaint, the Defendant restates and re-avers her answers to Paragraphs 1 through 34 above, as though same were fully contained herein.

16. In answering Paragraph 35 of the Plaintiff's Complaint, the Defendant denies the allegations contained therein, further stating by way of answer that she never engaged in any activity in violation of 47 U.S.C. §§553(a) and 605(a).

WHEREFORE, the Defendant requests that this Honorable Court dismiss the Plaintiff's Complaint and award her her reasonable costs and attorney's fees.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Defendant states that the within action has not been brought within the period of the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim of relief against the Defendant upon which relief can be granted pursuant to the provisions of Fed. Civ. Proc. Rule 12(b)(6).

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to join a necessary party under Rule 19, the Defendant's former Husband, Henry J. Kotarba, Jr., pursuant to Fed. Civ. Proc. Rule 12(b)(7).

Dated: July 29, 2004

_____
Edmond A. Neal, III
Montague & Desautels
Attorney for Defendant
334 Main Street, P.O. Box 428
Southbridge, MA 01550
Tel. No. (508) 764-3244
BBO #367900

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the within document upon the Plaintiff, by mailing, by first class mail, postage prepaid, a copy of same to its attorney, Christopher L. Brown, Esquire, at his address at Murtha Cullina, 99 High Street, 20th Floor, Boston, MA 02110, this 29th day of July, 2004.

_____
Edmond A. Neal, III